```
                                              FILED
                                         13 MAY 24  AM 10:20
                                         CLERK U.S. DISTRICT COURT
                                         SOUTHERN DISTRICT OF CALIFORNIA
```

  DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NASELLA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BARONA VALLEY RANCH RESORT AND CASINO, <br><br> Defendant. | CASE NO. 12-CV-2102 BEN (JMA) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br> [Docket No. 3] |

Presently before the Court is Defendant's Motion to Dismiss the Complaint. (Docket No. 3.) For the reasons stated below, the Motion is **GRANTED**.

## BACKGROUND

Barona Band of Mission Indians ("Tribe") is a federally recognized Indian tribe that occupies the Barona Indian Reservation. The Tribe owns and operates Defendant Barona Valley Ranch Resort and Casino, a resort complex that includes a casino, on the Barona Indian Reservation.

Ruth Nasella, a patron of Barona Valley Ranch Resort and Casino who was allegedly injured in the casino on April 28, 2007, filed a claim. On March 3, 2008, the claim was denied by the Tribe's claims adjustor, Tribal First. Ms. Nasella filed an appeal with Barona Tribal Court on March 20, 2008. Ms. Nasella subsequently passed away. Her son, Plaintiff James Nasella, Jr., proceeded with the appeal, representing the estate of Ms. Nasella. On October 27, 2010, a trial commenced in the Tribal Court.

1  The Tribal Court yielded a finding of no liability.

2  Plaintiff filed the present action on August 27, 2012. The Complaint alleges: (1) "breach of Tribal Compact with the State of California"; and (2) "wrongful death." Presently before the Court is Barona Valley Ranch Resort and Casino's Motion to Dismiss the Complaint.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

"Suits against Indian tribes are . . . barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation." *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 509 (1991). Here, the Tribe is a federally-recognized Indian tribe. *See* Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs, 75 Fed. Reg. 60,810, 60,810 (Oct. 1, 2010).[1] Accordingly, the Tribe is immune from suit.

The Tribe conducts its tribal governmental gaming enterprise under the name, "Barona Valley Ranch Resort and Casino." Barona Valley Ranch Resort and Casino has the same legal status as does the Tribe, including its sovereign immunity. *See Allen v. Gold Country Casino*, 464 F.3d 1046, 1066 (9th Cir. 2006) ("[Tribal sovereign] immunity extends to business activities of the tribe, not merely to governmental

---

[1] The Tribe's request for judicial notice of the fact that the Tribe is a federally-recognized Indian tribe is **GRANTED**. *See* FED. R. EVID. 201; 44 U.S.C. § 1507.

activities. When the tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe." (internal citation omitted)). Therefore, Barona Valley Ranch Resort and Casino is also immune from suit.

First, Plaintiff argues that the Tribe consented to suit under Sections 9.1(d) and 9.4 of the Compact entered into by the Tribe and the State of California. The only parties to the Compact are the Tribe and the State of California. (*See* Bunce Decl., Exh. 2 [Compact], at 1.) Section 9.1(d) provides that if a dispute between the Tribe and State is not otherwise resolved, it may be resolved in either federal or state court. Section 9.4 of the Compact provides limited waivers of both tribal and state sovereign immunity in the designated courts for resolution of disputes between the Tribe and State by litigation, subject to certain limitations. One such limitation is: "No person or entity other than the Tribe and the State is party to the action, unless failure to join a third party would deprive the court of jurisdiction; provided that nothing herein shall be construed to constitute a waiver of the sovereign immunity of either the Tribe or the State in respect to any such third party." (*Id.* § 9.4(a)(3).) In addition, the Compact provides: "[N]othing herein shall be construed to constitute a waiver of the sovereign immunity of either the Tribe or the State in respect to any such third party." (*Id.* § 9.4(b).) By their express terms, therefore, the mutual waivers provided by and between the Tribe and the State apply only to litigation between the Tribe and State, subject to the limitations set forth in Section 9.4, and do not extend to any third parties. *See Sossamon v. Texas*, 131 S. Ct. 1651, 1662 (2011) ("A waiver of sovereign immunity must be strictly construed, in terms of its scope, in favor of the sovereign." (internal quotation marks omitted)).

Second, Plaintiff argues that he represents the State in this suit. (Compl. at 13 ("[I]n this case the Plaintiff is an 'Agent' of the State of California because [he] is a citizen of that State.").) Section 2.17 of the Compact defines "State" as the "State of California or an authorized official or agency thereof." Plaintiff has not alleged that he is an authorized state official or that any state agency has authorized him to speak

for the State. The waiver of sovereign immunity available to the State is not available to Plaintiff.

Third, Plaintiff argues that tribal immunity is "a modern principle which has evolved to protect 'nascent' tribal government" and "such immunity is no longer applicable to a Tribe whose apparent wealth has been derived from its large resort and casino which cater to a large non-tribal public." (Opp. at 2.) On the contrary, the Supreme Court has repeatedly held that Indian tribes possess sovereign immunity. *See, e.g.*, *Kiowa Tribe v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998); *Okla. Tax Comm'n*, 498 U.S. at 509.

Fourth, Plaintiff points to Section 10.2(d) of the Compact as giving this Court jurisdiction in this action. Section 10.2(d) permits the Tribe to choose in which forum it will waive its immunity so that injured patrons of Barona Valley Ranch Resort and Casino may seek a remedy. (*See* Compact § 10.2(d) ("[T]he Tribe shall adopt and make available to patrons a tort liability ordinance setting forth the terms and conditions, if any, under which the Tribe waives immunity to suit for money damages resulting from intentional or negligent injuries to person or property at the Gaming Facility or in connection with the Tribe's Gaming Operation, including procedures for processing any claims for such money damages . . . .").) The Tribe has chosen to waive its immunity in its own Tribal Court; the Tort Claims Ordinance provides that if a claim is denied by the Tribe's insurer, the claimant may appeal to the Barona Tribal Court, as provided in the Compact. This waiver of immunity in the Tribal Court does not translate into a waiver of immunity in federal court as well.

Accordingly, Defendant is immune from suit and therefore the Court lacks subject matter jurisdiction in this action. *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1015-16 (9th Cir. 2007) ("[T]ribal immunity precludes subject matter jurisdiction in an action against an Indian tribe."). As this issue is dispositive, the parties' remaining arguments will not be addressed.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: 5/23/13

HON. ROGER T. BENITEZ
United States District Judge